█    HAROLD DAVIS, JR., v SPRAIN CONSTRUCTION Co. et al. UNDERHILL CONSTRUCTION CORP.—Motion for reargument is granted and, upon reargument, the original memorandum is withdrawn and the following memorandum is published: Order, Supreme Court, Bronx County, entered June 13, 1975, granting plaintiff's motion to increase the *ad damnum* from $60,000 to $500,000, unanimously reversed, on the law and in the exercise of discretion, and the motion denied, without costs or disbursements. Order, Supreme Court, Bronx County, entered June 17, 1975, granting defendant's motion for a further physical examination, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, and the order vacated as academic. Plaintiff, a wirelather, was in an accident on November 6, 1968 and brought this action in March, 1969 to recover damages for the injuries incurred. The motion to increase the *ad damnum* clause was made in 1975. The reason advanced for the increase was not an aggravation of injuries but rather the inability of the plaintiff to become a fireman employed by the New York City Fire Department. It is urged that the loss of potential pay as a fireman during plaintiff's working life-time warrants the increase sought. This measure of damages is speculative. Even assuming *arguendo* that there is a sufficient nonspeculative causal connection between the inability to become a fireman and the injury incurred, there is no explanation offered for the gross laches in failing to move to amend the *ad damnum*. Plaintiff knew of his rejection in 1970 and yet waited for five years until the eve of trial to make the present application. We accordingly find that the granting of the increase was an abuse of discretion. Furthermore, we have reversed and vacated the order of June 17 granting a physical examination. Defendants sought the additional physical examination and examination before trial solely on the basis of the substantial increase in the *ad damnum*. Since we have restored the original *ad damnum* clause, the need for further examinations has been rendered academic. Concur—Kupferman, J. P., Lupiano, Tilzer, Capozzoli and Lane, JJ.